IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 10-cv-02155-CMA-MEH

BOBBIE FLOWERS, individually; and
BOBBIE FLOWERS, as Conservator for
JOSHUA OCHOA, a minor conservatee,

    Plaintiffs,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,
    d/b/a CIGNA GROUP INSURANCE,
CIGNA INTELLECTUAL PROPERTY INC.,
    d/b/a CIGNA GROUP INSURANCE, and
METROPOLITAN LIFE INSURANCE COMPANY,
    d/b/a METLIFE,

    Defendants.

---

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND GRANTING DEFENDANTS' MOTION TO DISMISS

---

This matter is before the Court on Bobbie Flowers' and Joshua Ochoa's (collectively "Plaintiffs") Motion to Remand to State District Court (Doc. # 12). In addition, Defendants Life Insurance Company of North America ("LINA"), and Metropolitan Life Insurance Company ("MetLife") (collectively "Defendants") have brought a Motion to Dismiss (Doc. # 18). For the following reasons, Plaintiffs' Motion to Remand is denied and Defendants' Motion to Dismiss is granted.

## I. BACKGROUND

This case relates to claims for basic and optional group life insurance and personal and voluntary accidental death benefits administered by Defendants under an employee welfare benefit plan (the "Plan") sponsored and maintained by Bridgestone Americas Holding, Inc. ("Bridgestone").  Seth Ochoa ("Decedent") was an employee of Bridgestone and a participant in the Plan.  Plaintiffs Flowers and Ochoa were respectively the spouse and child of Decedent.  After Decedent died on the job, Plaintiffs submitted claims for life insurance and accidental death benefits under the Plan.  Although Defendants paid the claims in full, Plaintiffs allege that Defendants unreasonably delayed payment of the benefits in violation of Colorado Revised Statutes §§ 10-3-1115 and 10-3-1116(1).  (*See* Doc. # 10, ¶¶ 6-12.)

Plaintiffs originally filed a complaint in the state district court of Adams County, Colorado.  On September 2, 2010, Defendants filed a Notice of Removal from Adams County District Court.  (Doc. # 1.)  On September 10, 2010, Plaintiffs amended the complaint and filed the instant Motion to Remand.  (Doc. ## 10, 11.)  Defendants responded on October 1, 2010 (Doc. # 21), and Plaintiffs replied on October 4, 2010.  (Doc. # 22.)

Defendants filed the Motion to Dismiss on September 28, 2010.  (Doc. # 18.) Plaintiffs responded on October 1, 2010 (Doc. # 20), and Defendants replied on October 15, 2010.  (Doc. # 23.)

## II. STANDARD OF REVIEW

For a case to be removable from state court, the federal court must have jurisdiction. *See* 28 U.S.C. § 1441 (generally identifying removable actions). In an action removed from state court by a defendant on federal question grounds, a defendant bears the burden of establishing that removal was proper on this basis. *Karnes v. Boeing Co.*, 335 F.3d 1189, 1193 (10th Cir. 2003). To make this showing, a defendant must demonstrate that the plaintiff's complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). This determination must be based on the claims asserted by the plaintiff, "unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Id.* at 9 (quoting Taylor v. Anderson, 234 U.S. 74, 75-76 (1914).

## III. ANALYSIS

In the Notice of Removal, Defendants assert that the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiffs' claim arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et. seq.* (Doc. # 1 at 3.) In response, Plaintiffs assert that their claim is brought pursuant to Colorado state law and "[n]o relief is sought

under ERISA."[1] (Doc. # 11 at 2.) Specifically, Plaintiffs bring their action pursuant to both subsections 10-3-1116(1) and 10-3-1115 of the Colorado Revised Statutes.[2] Section 10-3-1116(1) provides that "[a] first-party claimant . . . whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit." Colo. Rev. Stat. § 10-3-1116(1). A first party claimant is defined as an "an individual, corporation, association, partnership, or other legal entity asserting an entitlement to benefits owed directly to or on behalf of an insured under an insurance policy." Colo. Rev. Stat. § 10-3-1115(1)(b)(i).

It is "long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *see also Nicodemus v. Union Pac. Corp.*, 440 F.3d 1232 (10th Cir. 2006). Although Plaintiffs' complaint raises only issues of state law, there is one exception to the well-pleaded complaint rule: complete preemption. Even if pleaded solely in terms of state law, a claim is based on federal law when a federal statute

---

[1] However, in their Amended Complaint, Plaintiffs allege that the Plan was established by Bridgestone for the purpose of providing death benefit insurance. (*See* Doc. # 10, ¶1.) An "employee welfare benefit plan" falls under ERISA when it is (1) any plan, fund, or program (2) established or maintained (3) by an employer (4) for the purpose of providing benefits (5) to participants or their beneficiaries. *See* 29 U.S.C. § 1002(1); *Peckham v. Gem State Mut. of Utah*, 964 F.2d 1043, 1047 (10th Cir. 1992); *BC Services, Inc.*, 311 F. Supp. 2d 1045, 1047 (D. Colo. 2004). Based on Plaintiffs' own allegations, the Plan is an employee welfare benefit plan governed by ERISA. Nothing in this order should be construed as applying to insurance plans that are not governed by ERISA.

[2] Neither party addresses the applicability of subsection 10-3-1115. However, this Court notes that the two subsections are virtually identical. Thus, this Court's analysis applies equally to subsection 10-3-1115.

completely preempts the state law cause of action.  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-208 (2004).  "ERISA is one of these statutes," *i.e.*, one that wholly displaces a state-law cause of action through complete preemption.  *Id.* at 208.  Because Defendants' only basis for removal is federal question jurisdiction, the issue of whether ERISA preempts subsection 10-3-1116(1) determines whether this Court has jurisdiction over this case.

**A.     PRE-EMPTION BY ERISA**

ERISA's express preemption clause broadly recites that "[e]xcept as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . .."  29 U.S.C. § 1144(a) (2006).  Defendants argue that §§ 10-3-1115 and 10-3-1116(1), are completely preempted by ERISA and, therefore, this action concerns a federal question.  (Doc. # 21 at 7.)  However, 29 U.S.C. § 1144(b)(2)(A) states that "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which **regulates insurance**, banking, or securities."  (emphasis added.)  This provision is known as ERISA's savings clause.  Plaintiffs contend that their claim is not preempted by ERISA because subsection 10-3-1116(1) regulates insurance and, thus, is saved from ERISA's preemption clause.  (Doc. # 22.)

A state statute "regulates insurance" within the meaning of ERISA's savings clause when it is: (1) "specifically directed toward entities engaged in insurance;" and

5

(2) "substantially affect[s] the risk pooling arrangement between the insurer and the insured.'" *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 341-42 (2003).

The first prong of the "regulates insurance" test is not at issue because Defendants concede, and the Court agrees, that § 10-3-1116 is "specifically directed toward entities engaged in insurance." *See* Colo. Rev. Stat. § 10-3-1116(7) ("this section is a law regulating insurance."). Thus, the key issue is whether subsection 10-3-1116(1) substantially affects the risk pooling arrangement between the insurer and the insured.

In *Miller*, the Supreme Court held that a Kentucky law requiring health insurers to accept services from any health provider willing to meet the insurer's terms was not preempted by ERISA because it regulated insurance. 538 U.S. at 341-42. With respect to prong two, the Court found that the Kentucky law substantially affected risk pooling because it "alter[ed] the scope of permissible bargains between insurers and insureds" by "expanding the number of providers from whom an insured may receive health service . . .." *Id.* at 338-39.

*Miller* reaffirmed several of the Court's earlier decisions holding that certain state insurance laws were saved from ERISA preemption. *See Metro. Life Ins. Co. v. Mass.*, 471 U.S. 724, 731 (1985) (mandated-benefit law obligating insurers to cover certain medical conditions was not preempted by ERISA because law "effectively forc[es] the good-risk individuals to become part of the risk pool"); *UNUM Life Ins. Co. of Am. v. Ward*, 526 U.S. 358, 373 (1999) (state rule that prohibited insurers from denying coverage based on the insured's untimely notice unless the insurer showed actual

prejudice from the delay was not preempted by ERISA); *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 359 (2002) (state law giving the insured the right to independent medical review of certain denials of benefits was not preempted by ERISA). The *Miller* Court explained that the common thread in each previous case was that the state laws at issue "alter[ed] the scope of permissible bargains between insurers and insureds." 538 U.S. at 338-39.

Unlike the mandated-benefit laws in *Metropolitan Life*, the notice-prejudice rule in *UNUM*, and the independent-review provisions in *Rush Prudential*, subsection 10-3-1116(1) does not alter the scope of permissible bargains. Subsection 10-3-1116(1) has no bearing on who gets into the risk pool, nor does it prescribe the conditions under which insurers must pay for assumed risks. *See Hancock v. Metropolitan Life Ins. Co.*, 590 F.3d 1141, 1149 (10th Cir. 2009).

In *Kidneigh v. UNUM Life Ins. Co. of Am.*, 345 F.3d 1182, 1186 (10th Cir. 2003), the Tenth Circuit held that a Colorado state law providing a bad faith cause of action against an ERISA provider was expressly preempted. *Kidneigh* relied upon the Supreme Court's decision in *Pilot Life Ins. Co. v. Dedeaux*, which held that a Mississippi law of bad faith did not regulate insurance. In reaching that conclusion, *Pilot Life* explained:

> [T]he common law of bad faith does not define the terms of the relation-
> ship between the insurer and the insured; it declares only that, whatever
> terms have been agreed upon in the insurance contract, a breach of that
> contract may in certain circumstances allow the policyholder to obtain
> punitive damages. The state common law of bad faith is therefore no

>more "integral" to the insurer-insured relationship than any State's general contract law is integral to a contract made in that State.

481 U.S. 41, 51 (1987). Like the bad faith laws at issue in *Pilot Life* and *Kidneigh*, subsection 10-3-1116(1) "merely provide[s] an additional remedy for policyholders." *See Kidneigh*, 345 F.3d at 1187. Subsection 10-3-1116(1) allows the insured to recover civil penalties when the insurer breaches the insurance contract by unreasonably delaying payment. This type of civil penalty remedy does not affect the substantive terms or content of insurance policies. *See Kidneigh*, 345 F.3d at 1187; *see also Prudential Ins. Co. of Am. v. Nati'l Park Med. Ctr., Inc.*, 413 F.3d 897 (8th Cir. 2005) (holding that Arkansas statute authorizing civil penalties and the award of legal fees for violations of the statute by an insurer was subject to complete preemption by ERISA).

Plaintiffs direct the Court's attention to *Kohut v. Hartford Life and Acc. Ins. Co.*, 710 F. Supp. 2d 1139 (D. Colo. 2008), in which this Court determined that "section 10-3-1116 is a law 'regulat[ing] insurance' within the meaning of section 1144(b)(2)(A), and that it is therefore saved from preemption by ERISA."[3] *Id.* at 1149. Plaintiffs, thus, contend that the question of whether section 10-3-1116 regulates insurance has already been answered in the affirmative. However, in *Kohut* this Court was construing a different subsection of 10-3-1116, thus, *Kohut* is distinguishable from the instant case. In *Kohut*, the plaintiff requested *de novo* review of a denial of his claim for long-term disability benefits under an ERISA-governed plan, pursuant to subsections 10-3-1116(2)

---

[3] This Court acknowledges its language in *Kohut* was not as precise as it should have been in that no distinction was drawn with respect to the various subsections of 10-3-1116.

8

and (3), not subsection 10-3-1116(1).  *See id.* at 1147; *see also McClenahan v. Metro. Life Ins. Co.*, 621 F. Supp. 2d 1135, 1141 (D. Colo. 2009) (finding that section 10-3-1116(2) is not expressly preempted by ERISA).  This Court noted that subsection 10-3-1116(2) "affects the policy relationship between the insurer and the insured by affecting the interpretation of the insurance contract . . .." *Kohut*, 710 F. Supp. 2d at 1149.  In contrast, subsection 10-3-1116(1), which is at issue in this case, does not affect the interpretation of the insurance contract; rather, it merely creates an additional remedy for policyholders.  See *Kidneigh*, 345 F.3d at 1187.  This Court's conclusion that subsections 10-3-1116(2) and (3) were saved from ERISA preemption does not dictate the same outcome in this case.  *See Bauer v. United Healthcare Ins. Co.*, No. 10-cv-02057, 2010 WL 4683901, at *4 (D. Colo. Nov. 10, 2010) (unpublished) (finding that a state law claim for breach of contract pursuant to subsection 10-3-1116(1) was completely preempted by ERISA).

Based on the foregoing, this Court finds that subsection 10-3-1116(1) is not a law regulating insurance within the meaning of ERISA's savings clause and, as such, is completely preempted by ERISA.  Accordingly, although pleaded in terms of state law, Plaintiff's claim is, in reality, a claim that comes within the scope of ERISA, *i.e.*, based on federal law.  Thus, removal to this Court is proper.  *See Aetna Health Inc.*, 542 U.S. at 208.

## C. DISMISSAL OF PLAINTIFFS' CLAIM

In order to defeat a motion to dismiss under Rule 12(b)(6), Plaintiffs must demonstrate that the Amended Complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *see also Ashcroft v. Iqbal,* --- U.S ---, 129 S. Ct. 1937, 1960 (2009). A court reviewing the sufficiency of a complaint assumes the truth of all well pleaded facts in the complaint, and draws all reasonable inferences therefrom in the light most favorable to the plaintiffs. *Teigen v. Renfrow,* 511 F.3d 1072, 1078 (10th Cir. 2007). Plaintiffs need not prove their case at this point; rather, they need only allege a plausible claim for relief. Their "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

Because the state law cause of action asserted in Plaintiffs' Amended Complaint is preempted by ERISA, Plaintiffs have failed to state a claim upon which relief can be granted. *See BC Services*, 311 F. Supp. 2d 1045, 1047 (D. Colo. 2004) (dismissing complaint where state law causes of action were preempted by ERISA). Accordingly, Plaintiffs' Amended Complaint must be dismissed.

The question now is whether to dismiss with or without prejudice. In their Amended Complaint, Plaintiffs admit that the benefits were fully paid, but assert that payment was unreasonably delayed. (*See* Doc. # 10.) The Tenth Circuit has explained that, "[n]owhere does [ERISA] allow consequential or punitive damages. Damages are limited to the recovery of 'benefits due . . . under the terms of the plan.'"

*Kidneigh*, 345 F.3d at 1185 (quoting *Conover v. Aetna U.S. Health Care, Inc.*, 320 F.3d 1076, 1080 (10th Cir. 2003). Amendment of Plaintiffs complaint would be futile because they have already recovered the benefits due under the plan and, thus, they have no further remedy under ERISA. Therefore, the Court finds it appropriate to dismiss with prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.") (citing *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997)).

## IV. CONCLUSION

Accordingly, it is ORDERED that Plaintiff's Motion to Remand to State District Court is DENIED (Doc. # 11). Further, Defendant's Motion to Dismiss the Amended Complaint (Doc. # 18) is GRANTED and the case is DISMISSED WITH PREJUDICE.

DATED: March  15 , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge